IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES JASON RIANI, | No. 4:21-CV-1191 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN BRADLEY, | |
| Respondent. | |

# MEMORANDUM OPINION

### OCTOBER 21, 2021

Petitioner James Jason Riani ("Petitioner" or "Riani"), a federal prisoner incarcerated at the United States Penitentiary at Canaan, filed the instant petition pursuant to 28 U.S.C. § 2241 on July 7, 2021.[1]  Riani challenges his January 18, 2012 sentence imposed in criminal case 8:11-cr-174 in the United States District Court for the Middle District of Florida – Tampa Division.[2]

A response[3] and traverse[4] having been filed, the petition is ripe for disposition.  For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

---

[1] Doc. 1.
[2] Doc. 1, p. 1.
[3] Doc. 9.
[4] Doc. 11.

I.     BACKGROUND

On September 28, 2011, Riani entered knowledgeable and voluntary pleas of guilty to sell, distribute, or dispense a controlled substance, in violation of 21 U.S.C. § 841A, and violent crime/drug/machine gun, in violation of 18 U.S.C. § 924(c).[5] On January 18, 2012, the District Court sentenced him to a term of 235 months on the sell, distribute or dispense a controlled substance and 60 months on the remaining charge, to run consecutively.[6]

On January 28, 2013, Riani filed a motion to vacate sentence under 28 U.S.C. § 2255, claiming ineffectiveness of counsel because of counsel's failure to object to level enhancement for Count II (§ 924(c)) and to object or challenge jurisdiction.[7] On October 31, 2013, the District Court denied Petitioner's § 2255 motion.[8]

On August 24, 2015, Riani filed a motion to appoint counsel wherein he also asked the court to vacate his sentence based on the recent ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[9] On January 25, 2016, the District Court denied Riani's motion "because *Johnson* is not applicable to Defendant's sentence."[10] More specifically, the District Court noted that "Defendant's sentence

---

5   *See* Doc. 9-1 at 2-8, electronic docket, M.D.FL., Tampa Division, Case 8:11-cr-0174.
6   *Id.* at Doc. 37-40.
7   *Id.* at Doc. 47.
8   *Id.* at Doc. 52.
9   *Id.* at Doc. 54.
10  *Id.* at Doc. 55.

was subject to enhancement under United State Sentencing Guideline § 4B1.1 (the armed career criminal guideline) because he had at least two prior felony convictions for a crime of violence: burglary of a dwelling and armed burglary."[11] Further, that court stated that "the Eleventh Circuit has explicitly held the *Johnson* does not apply to the residual clause contained in U.S.S.G. § 4b1.2(A)(2) and that the guideline is not unconstitutionally vague."[12]

On July 8, 2020, the United State Court of Appeals for the Eleventh Circuit denied Riani's application for leave to file a second or successive § 2255, motion to vacate.[13]

On July 7, 2021, Riani filed the above captioned petition along with a memorandum of law in support raising identical claims from his previous filings: (1) the sentence enhancement under U.S.S.G. 4B1.2(a)(2) is improper pursuant to *Johnson* because prior burglary offenses no longer qualify as felonies; (2) the sentence enhancement under 21 U.S.C. 851 is improper because prior drug offenses do not qualify as predicate serious drug offenses; (3) actual innocence of 924(c) offense pursuant to *Bailey*; (4) the sentence enhancement is improper under U.S.S.G.4B1.2(a)(1)-(2) because two prior Florida burglary offenses were not listed in a Section 851 information prior to guilty plea; and (5) burglary offenses no longer qualify as predicate offenses for sentence enhancement due to

---

[11] *Id.*
[12] *Id.*
[13] *Id.* at Doc. 56.

Amendment 796 of the U.S.S.G.[14]

## II. DISCUSSION

When challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255.[15] A federal prisoner must file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case."[16] A challenge can only be brought under § 2241 if "it ... appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."[17] This language in § 2255, known as the safety-valve clause, must be strictly construed.[18] Significantly, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[19] "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year

---

[14] Doc. 2, Memorandum of Law.
[15] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 F. App'x. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[16] *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence").
[17] 28 U.S.C. § 2255(e).
[18] *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 F. App'x. at 47 (stating the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").
[19] *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[20]

> Our Circuit [The United States Court of Appeals for the Third Circuit] permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. *Tyler*, 732 F.3d at 246 (quoting *Dorsainvil*, 119 F.3d at 252). And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Dorsainvil*, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."[21]

Riani has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. §2255; therefore, he can only bring a challenge under § 2241 if it appears that the 2255 remedy is inadequate or ineffective to test the legality of his detention. He has failed to meet this burden. He has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review. And his claim is not premised on any intervening change in substantive law that would negate the criminal nature of his

---

[20] *Id.* at 539.
[21] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

conduct so that his conviction is no longer valid.  Because Riani fails to meet his burden of demonstrating that § 2255 is inadequate or ineffective the challenge the legality of his detention, the § 2241 petition will be dismissed for lack of jurisdiction.

### III.   CONCLUSION

Based on the foregoing, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.  The dismissal is without prejudice to Riani's right to seek authorization from the appropriate court of appeals to file a second or successive § 2255 motion.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge